JULIÁN ET AL., PLAINTIFFS AND APPELLANTS, *v.* MCCORMICK ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Debt.

No. 1575.—Decided April 27, 1917.

POWER OF ATTORNEY — DEATH OF PRINCIPAL — EXTINGUISHMENT OF POWER. — In this case, A, as attorney in fact of B, collected a sum of money due from C to B three months after the death of B. Three years later, but before the cause of action had prescribed, the heirs of B sued C to recover the debt. C alleged that he had paid the same in good faith and that he did not know of the death of B at the time. *Held:* That A was not authorized to collect the debt because the power of attorney was extinguished upon the death of B and that it was immaterial that the debtor was ignorant of the death of the principal.

ID.—PERSONAL CONTRACT.—DEATH OF CONTRACTING PARTY—EXTINGUISHMENT OF POWER—IGNORANCE.—A power of attorney is a personal contract and, pursuant to section 1634 of the Civil Code, is extinguished by the death of any of the contracting parties, the only exception of ignorance of this rule being that prescribed in section 1640 of the same code for the benefit of the attorney in fact and third persons who may have contracted with him in good faith.

The facts are stated in the opinion.

*Mr. Manuel A. Martínez Dávila* for the appellants.

*Mr. Rafael Cintrón* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Lucas Julián was the attorney-in-fact of his mother, Gregoria Rodríguez, in her lifetime. After her death he entered into negotiations with Juan Carlos McCormick for the payment of $2,000, owing by said McCormick to said Gregoria Rodríguez and her children. McCormick paid the sum to the said Julián, who gave said McCormick a receipt in full therefor. The evidence shows that this payment was made about

three months after the death of Gregoria Rodríguez and tends
to show that McCormick did not know of her death. After
three years, but before prescription had run against the claim,
Cornelio Julián, in the name of himself and four minor
children, all heirs of Gregoria Rodríguez, brought suit to re-
cover the sum of $1,633.33 and interest, excluding the share
of Lucas Julián. The latter was made a party defendant and
the testimony tended to show that he had spent the whole sum
in routs and high living.

We feel bound to agree with the appellant that the power
of attorney in this case was revoked by the death of the
granter. The ignorance of the debtor could make no differ-
ence. Section 1634 of the Civil Code provides that—

"Agency is terminated—
1st. By revocation.
2nd. By withdrawal of the agent.
3rd. By death, interdiction, bankruptcy, or insolvency, of the
principal or of the agent,"

and Manresa says, volume 11, p. 575, of his Comentaries on
the Civil Code (second edition), that—

"It has been frequently laid down by the Supreme Court, prior
and subsequent to the promulgation of the Code, that the contract of
agency is of a personal nature and is extinguished from the moment
that any of the contracting parties dies." Judgment of the Supreme
Court of November 9, 1875.

The only exception of ignorance is made in section 1640,
as follows:

"What has been done by the agent, when he was not aware of
the death of the principal, or of any of the causes which terminate
the agency, shall be valid and of effect with regard to third persons
who may have contracted with the agent in good faith."

In this regard Manresa says, volume 11, p. 576 (second
edition):

"We have no doubt that the rule established by section 1738 is an
exception to the general principles according to which the error under

the law invalidates the consent, but it is justified, as well as many others, by the principles of equity to prevent that the *summum jus* becomes the *summa injuria*. The efficacy of the power is a real legal fiction established by the law for the benefit of the agent and third persons in good faith and terminates once the agent and third persons are aware of the termination of the agency. If bad faith should be on the part of the agent and not by third persons, the former would be held responsible for the deceit and the latter would have a right to bring the proper action against him.''

It is a hardship for the appellee to be left to bring suit against Lucas Julián who deceived him, but it would also be a hardship on a principal or his heirs for an irresponsible agent to act when his agency has been revoked, either by death or otherwise. The law gives the wronged person an action against the person who wronged him. While the right of action may be illusory here the principle of law cannot be changed to favor special cases. The fact that Cornelio Julián waited three years may have been and probably was unconscionable and may have been to prevent a criminal action against his brother Lucas, but his decision to postpone the action was within his legal rights and there is no prescription alleged. Nor does it matter that the true owners of a part of the debt of $2,000 were the children, the complainants here. The mother made the power of attorney in her own name and in their names. She was the responsible person and authorized to do it, but her death extinguished her right to represent them and the power that emanated from her was extinguished or revoked.

We regret the situation of the appellee, but the heirs in this case, presumably innocent, are protected by the law. The judgment must be reversed and one rendered for appellants, but without costs or counsel fees.

*Reversed and substituted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.